Case 08-35040   Document 78   Filed in TXSB on 08/19/14   Page 1 of 4

ENTERED
08/19/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| TRACY JUNEAU and | ) CASE NO. 08-35040-H3-13 |
| LEONARD P. JUNEAU | ) |
| | ) |
| Debtors, | ) |
| | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Dismiss for Failure to Make Payments" (Docket No. 71) filed by the Chapter 13 Trustee, and the "Debtor's Motion to Modify Confirmed Plan" (Docket No. 74) filed by the Debtors in the above captioned Chapter 13 case.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion to modify, and denying without prejudice the motion to dismiss.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Tracy Juneau and Leonard P. Juneau ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 4, 2008.  William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Debtors filed a plan on the petition date, calling for Debtors to make 60 payments of $2,350 each to the Trustee, for a

total of $141,000.  The plan mistakenly provided that the payments were to commence in April, 2008 (four months before the petition in the instant case was filed), and conclude in March, 2013.  (Docket No. 2).  The plan was confirmed by order entered on October 30, 2008.  (Docket No. 32).

On March 25, 2014, Trustee filed the instant motion to dismiss, asserting that the total due under the plan was $138,925.93, and that the amount paid by Debtors was $135,602.01.  (Docket No. 71).

On May 6, 2014, Debtors filed the instant motion to modify.  In the instant motion to modify, Debtors seek to modify the plan payments such that the total amount due under the plan is $135,602.01.

At the hearing on the instant motions, Trustee presented no evidence.  Tracy Juneau testified that the plan ended in August, 2013, and that she had made additional payments to Trustee since that time.  She testified that Debtors were seeking approval of the instant modification in order to get a discharge.

## Conclusions of Law

Section 1329(a) of the Bankruptcy Code provides in pertinent part that a plan may be modified "[a]t any time after confirmation of the plan but before the completion of payments under such plan."  11 U.S.C. § 1329(a).

Section 1329(c) of the Bankruptcy Code provides in pertinent part that the court "may not approve a period that expires after five years" after the time that the first payment was due under the original confirmed plan.  11 U.S.C. § 1329(c).

In the instant case, one of two sets of facts is true.  One possibility is that the payments have been completed under the plan.  If so, the court cannot modify the plan, pursuant to Section 1329(a).  The other possibility is that the payments have not been completed under the plan.  If the payments have not been completed under the plan, then there remains a future payment.

Section 1326(a)(1) of the Bankruptcy Code provides in pertinent part that the debtor must commence payments under the plan "not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier."
11 U.S.C. § 1326(a)(1).

In the instant case, the date on which the plan was filed and the date of the order for relief were the same date, August 4, 2008.  Thus, the date on which the first payment was due under the plan was no later than September 3, 2008.  If the payments have not been completed under the plan, then the latest date on which a payment could be made satisfying Section 1329(c) was September 3, 2013.  To the extent payments are not complete under the plan, the proposed modification would call for a future payment after September 3, 2013, in violation of Section 1329(c).

Thus, whether the payments are complete or not, the court may not approve the proposed modification.

However, the fact that the court may not approve the modification does not require dismissal of the instant case. See In re Henry, 368 B.R. 696 (N.D. Ill. 2007).

Section 1307(c)(6) of the Bankruptcy Code provides in pertinent part that the court may dismiss for cause, including material default by the debtor with respect to a term of a confirmed plan. 11 U.S.C. § 1307(c)(6).

The party moving for dismissal bears the burden of proof. See In re Zizza, 500 B.R. 288 (1st Cir. BAP 2013).

In the instant case, although Trustee alleged in the instant motion to dismiss that Debtor is in default as to a material term of the plan, Trustee presented no evidence to support that allegation. The court concludes that Trustee has not met his burden of proof with respect to cause for dismissal of the instant case.[1]

Signed at Houston, Texas on August 19, 2014.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that Trustee may be able to file another motion, and at a hearing, establish cause. The court further notes that there may be other means to address the circumstances of the instant case other than dismissal.